UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

**DECISION AND ORDER**
14-CR-179S

v.

ERIC HUBBARD,

Defendant.

At a status conference held yesterday, the parties sought guidance from the Court as to the scope of a suppression hearing scheduled for January 12, 2016 at 10:00 AM.  Defendant was arrested on June 19, 2014 while on a sidewalk at or near 1011 Genesee Street in the City of Buffalo.  In a felony complaint (Dkt. No. 15-1), Buffalo police asserted that officers on routine patrol—which presumably means routine patrol by car—spotted defendant and asked him for identification.  The felony complaint does not describe what caught the officers' attention, and it implies that the officers pulled over and exited their vehicle to engage defendant.  In short, defendant's conduct upon approach from the officers allegedly prompted what looks like a *Terry* stop, and the series of events ended with officers recovering a loaded handgun from the front of defendant's waistband.  In his affidavit of standing (Dkt. No. 19), defendant supports his motion for suppression and request for a hearing by

pointing to the lack of detail in the sequence of events described in the felony complaint.  Specifically, defendant notes that the felony complaint "omits everything that transpired between the time Officers Hamilton and Acquino were driving on Genesee Street in their patrol vehicle until they confronted me on the sidewalk." (*Id.* at 1 ¶ 5.)  Defendant continues by denying that he made any motions with his body that would have raised the officers' suspicions.  (*See id.* at 2 ¶ 6.)

The parties disagree over the range of events from June 19, 2014 that defendant should be allowed to explore at the suppression hearing.  The Government concedes a factual dispute over what bodily motions or other conduct defendant performed, after the request for identification, that would have raised the officers' suspicions for *Terry* purposes.  The Government contends, however, that defendant has not raised any dispute about events occurring before that alleged conduct.  When defendant complained in his affidavit about omissions of facts, the Government interpreted the complaint to mean that defendant does not dispute a request for identification as described in the felony complaint.  At yesterday's status conference, defendant emphasized that while an identification request of some sort occurred, the events leading to that request are critical to establish what drew the officers' attention and whether the officers engaged in any coercive conduct.

2

Defendant has the better view of what the hearing should cover.  "Even when law enforcement officers have no basis for suspecting a particular individual, they may pose questions, ask for identification, and request consent to search luggage—*provided they do not induce cooperation by coercive means*. If a reasonable person would feel free to terminate the encounter, then he or she has not been seized."  *U.S. v. Drayton*, 536 U.S. 194, 201 (2002) (emphasis added) (citation omitted); *accord U.S. v. Lopez*, 553 F. App'x 10, 12 (2d Cir. 2014) (summary order) ("Police officers may ask for an individual's consent to a search, provided they do not induce cooperation by coercive means.  There is no indication in the record that [the officer] used coercive means.") (citing *Drayton*).  Here, defendant does not say explicitly why he thinks that any omissions from the felony complaint matter, but paragraph five of his affidavit implies that coercive means tainted the first steps in his encounter with the officers, including the request for identification.  Paragraph six is consistent with this inference; the essence of paragraph six is that defendant did nothing to raise the officers' suspicion, meaning that the entire encounter on June 19, 2014 was coercive in some way.  Defendant should have a chance to explore possible coerciveness at all stages of the encounter.  The Government is correct to note that defendant acknowledges that some sort of request for identification occurred on June 19, 2014.  The Government's position, however, implies that a concession on the occurrence of an identification includes a concession on how

3

the request occurred.  The Court sees no basis at this time to stretch

defendant's concession to include the context of the request for identification.

Accordingly, next month's suppression hearing will address the following

issues:

- Whether the officers involved used any coercive means to engage defendant on June 19, 2014 and to request identification; and

- Whether the officers had reasonable suspicion to "grab at where defendant was tapping and grabbing" on his waistband (Dkt. No. 15-1 at 1).


SO ORDERED.

_/s Hugh B. Scott_____

HONORABLE HUGH B. SCOTT
UNITED STATES MAGISTRATE JUDGE

DATED: December 16, 2015