UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

United States of America

v.

**Decision and Order**
14-CR-179S

Eric Hubbard,

Defendant.

## I.   INTRODUCTION AND BACKGROUND

On October 15, 2015, defendant Eric Hubbard ("Hubbard") filed omnibus pretrial

motions in this case. (Dkt. No. 15.)  The motions included a motion to suppress evidence

obtained during a series of events that occurred on June 19, 2014.  The Court has issued a

separate Report and Recommendation addressing the motion to suppress.  The Report and

Recommendation contained detailed background information about the events and circumstances

that led to this case and the pending motions.  For the sake of brevity, the background

information from the Report and Recommendation is incorporated by reference here.  The Court

issues this separate Decision and Order to address Hubbard's non-dispositive motions.

## II.   DISCUSSION

### A.  *Bill of Particulars*

Hubbard seeks a Bill of Particulars that would specify, *inter alia*, the conduct supporting the

charge in the indictment; which officers seized the pistol from him and from where; and the

information that led the arresting officers to conclude that probable cause existed to arrest him.

The Government opposes a Bill of Particulars, pointing to voluntary discovery provided so far and

the short duration of the events in question.

"Rule 7(f) of the Federal Rules of Criminal Procedure permits a defendant to seek a bill of particulars in order to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *U.S. v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987) (citations omitted). "Moreover, it is of no consequence that the requested information would have required the disclosure of evidence or the theory of the prosecution. While a bill of particulars is not intended, as such, as a means of learning the government's evidence and theories, if necessary to give the defendant enough information about the charge to prepare his defense, it will be required even if the effect is disclosure of evidence or of theories. A district court judge, however, has the discretion to deny a bill of particulars if the information sought by defendant is provided in the indictment or in some acceptable alternate form." *U.S. v. Barnes*, 158 F.3d 662, 665 (2d Cir. 1998) (internal quotation marks and citations omitted). Courts have denied motions for bills of particulars where "the indictment specifies the time, place and nature of the alleged criminal conduct . . . . [and where] the government has produced pursuant to Rule 16 relevant police records from the date of the crime as well as the amended criminal complaint, which further specifies the acts [defendant] is accused of committing." *U.S. v. Remire*, 400 F. Supp. 2d 627, 633 (S.D.N.Y. 2005); *see also U.S. v. Davis*, No. 06 CR 911 (LBS), 2009 WL 1098477, at *4 (S.D.N.Y. Apr. 21, 2009) (denying a bill of particulars where "the Government has already disclosed that it intends to prove at trial that the targets of the robbery were engaged in interstate drug trafficking, including the purchase of marijuana from California for resale to customers in Manhattan and the Bronx").

Here, the information that Hubbard has received so far makes a Bill of Particulars unnecessary. The Government has furnished voluntary discovery under Rule 16 that should have provided insight into potential evidence that will appear at trial. More importantly, Hubbard now has two transcripts from the suppression hearing (Dkt. Nos. 37, 40) that provide nearly minute-by-minute detail of the events that unfolded on June 19, 2014. Hubbard thus has access to sufficient information to allow him to prepare an adequate defense and to avoid surprise at trial. The Court accordingly denies the request for a Bill of Particulars.

### B. Rule 16 Discovery

Hubbard has made a motion under Rule 16 for information including statements, rough notes, criminal history, documents, and expert summaries. The Government responds generally that it has provided a variety of information that complies with Hubbard's requests and that it will abide by its continuing obligations. To the extent that any specific requests remain outstanding, the Government is directed either to furnish the information or to provide notice of an objection to production. The Government is directed further to preserve agent rough notes pending further directions from Judge Skretny. The Government's responses otherwise appear sufficient at this time. The Court grants Hubbard's motion in part as explained above and otherwise denies it as moot but without prejudice.

### C. FRE 404(b), 608, and 609 Information

Hubbard seeks notice of evidence that the Government would use at trial under Federal Rules of Evidence ("FRE") 404(b), 608, and 609. FRE 404(b) governs requests for disclosure of all evidence of prior bad acts that the Government intends to use in its case-in-chief. FRE 404 requires that defendants be given "reasonable notice in advance of trial, or during trial if the court

excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends

to use at trial." To the extent that the Government intends to use any such evidence of a prior bad

act in its case in chief, the Government shall produce all FRE 404(b) evidence as directed by the

Judge Skretny in the eventual trial order.

With respect to Hubbard's requests under FRE 608 and 609, the only notice requirement

imposed by either Rule applies closer to trial. FRE 609(b)(2) mandates that "the proponent [give]

an adverse party reasonable written notice of the intent to use it so that the party has a fair

opportunity to contest its use." To the extent that the Government intends to use at trial evidence

falling under these rules, it must give reasonable notice as directed by Judge Skretny in the

eventual trial order.

Hubbard's motion is granted in part as explained above and otherwise denied without

prejudice.

### D.  Brady/*Jencks*/Giglio *Information*

Hubbard seeks information subject to disclosure under *Brady v. Maryland*, 373 U.S. 83

(1963), the Jencks Act, 18 U.S.C. § 3500, and *Giglio v. U.S.*, 405 U.S. 150 (1972). "[S]uppression

by the prosecution of evidence favorable to an accused upon request violates due process where

the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith

of the prosecution . . . . Society wins not only when the guilty are convicted but when criminal

trials are fair; our system of the administration of justice suffers when any accused is treated

unfairly." *Brady*, 373 U.S. at 87. The *Brady* rule covers situations "[w]hen the reliability of a given

witness may well be determinative of guilt or innocence." *Giglio*, 405 U.S. at 154 (internal

4

quotation marks and citation omitted); *accord U.S. v. Bagley*, 473 U.S. 667, 676 (1985) (plurality

opinion) ("Impeachment evidence, however, as well as exculpatory evidence, falls within the *Brady*

rule.") (citing *Giglio*).  When considering information that might fall under the *Brady* rule, "[t]he

question is not whether the defendant would more likely than not have received a different verdict

with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting

in a verdict worthy of confidence." *Kyles v. Whitley*, 514 U.S. 419, 434 (1995).  The Government

does not necessarily have to await a defense request to produce information that falls under the

*Brady* rule, but neither does it need to adopt an "open file policy."  *See id.* at 437; *see also U.S. v.

Payne*, 63 F.3d 1200, 1208 (2d Cir. 1995) ("Under *Brady* and its progeny, the government has an

affirmative duty to disclose favorable evidence known to it, even if no specific disclosure request is

made by the defense.  The individual prosecutor is presumed to have knowledge of all information

gathered in connection with the government's investigation.") (citations omitted).  Also,

"[e]vidence is not 'suppressed' if the defendant either knew, or should have known, of the essential

facts permitting him to take advantage of any exculpatory evidence." *U.S. v. LeRoy*, 687 F.2d 610,

618 (2d Cir. 1982) (citations omitted).  As for the timing of *Brady* disclosure, "[i]t is not feasible or

desirable to specify the extent or timing of disclosure *Brady* and its progeny require, except in terms

of the sufficiency, under the circumstances, of the defense's opportunity to use the evidence when

disclosure is made.  Thus disclosure prior to trial is not mandated.  Indeed, *Brady* requires

disclosure of information that the prosecution acquires during the trial itself, or even afterward

. . . . At the same time, however, the longer the prosecution withholds information, or (more

5

particularly) the closer to trial the disclosure is made, the less opportunity there is for use." *Leka v. Portuondo*, 257 F.3d 89, 100 (2d Cir. 2001) (citations omitted).

Here, the Government has acknowledged its affirmative obligations for disclosure under *Brady*, the Jencks Act, and *Giglio*, and has committed to making disclosures within the time that Judge Skretny will set in the eventual trial order. The Government's commitment will suffice, absent a showing that a different arrangement is necessary in this case. The Court accordingly denies Hubbard's motion but without prejudice.

## III.    CONCLUSION

The Court grants in part and denies in part Hubbard's non-dispositive pretrial motions, as explained above.

SO ORDERED.

___/s Hugh B. Scott_____
HONORABLE HUGH B. SCOTT
UNITED STATES MAGISTRATE JUDGE

DATED: November 8, 2016